NUMBER 13-00-003-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________

BENITO HERNANDO HERNANDEZ , Appellant,


v.



THE STATE OF TEXAS , Appellee.

__________________________________________________________________


On appeal from the 24th District Court

of Victoria County, Texas.

__________________________________________________________________


O P I N I O N

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Dorsey




The trial court convicted the appellant, Benito Hernando Hernandez, for Unlawful Possession of Marijuana, 50 to 2,000
lbs., after a jury trial. See Tex. Health & Safety Code Ann. § 481.121 (Vernon Supp. 2001). (1) He appeals his conviction
by one point of error, contending that he was denied effective assistance of counsel when his trial lawyer repeatedly made
incoherent objections. We overrule this point of error and affirm the conviction.

Ineffective Assistance of Counsel 



The Sixth Amendment right to counsel is necessary to protect the fundamental right to a fair trial. Gideon v. Wainwright,
372 U.S. 335 (1963). The right to counsel includes the right to effective assistance of counsel. Cuyler v. Sullivan, 446 U.S.
335, 343-44 (1980). This right can be violated by counsel's failure to render "adequate legal assistance." Id. at 344. The
general standard for a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper
functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v.
Washington, 466 U.S. 668, 692-93 (1984). Strickland sets forth a two-pronged test, adopted byHernandez v. State of
Texas, for ineffectiveness of assistance claims. 726 S.W.2d 53, 53-56 (Tex. Crim. App. 1986); see also Sebalt v. State of
Texas, 28 S.W.3d 819, 822 (Tex. App.-Corpus Christi 2000, no pet.). The appellant must show (1) that counsel performed
deficiently - that counsel's "acts or omissions were outside the range of professional competent assistance" and (2) that the
deficient performance prejudiced the defense such that there is a "reasonable probability that the result of the trial would
have been different absent the deficient conduct." Washington v. State of Texas, 771 S.W.2d 537, 545 (Tex. Crim. App.
1989); see also Strickland, 466 U.S. at 687. We apply this test viewing the totality of representation. Jackson v. State of
Texas, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). A reasonable probability is "sufficient to undermine confidence in
the outcome." Strickland, 466 U.S. at 694. This consideration is made viewing the totality of the evidence before the
fact-finder. Id. at 688-89. The appellant has the burden of proving ineffectiveness by a preponderance of the evidence.
Patrick v. State, 906 S.W.2d 481, 495 (Tex. Crim. App. 1995). The appellant must also rebut a strong presumption that
counsel's actions fell within the range of reasonably professional assistance. Jackson, 877 S.W.2d at 771; see Young v.
State of Texas, 991 S.W.2d 835, 837 (Tex. Crim. App. 1999). This does not mean that counsel's performance must be free
of error. Ex parte Felton, 815 S.W.2d 733, 735 (Tex. Crim. App. 1991); Hernandez v. State of Texas, 799 S.W.2d 507,
508 (Tex. App.-Corpus Christi 1990, pet. ref'd). An error by counsel, even if professionally unreasonable, does not warrant
setting aside a judgment if the error had no effect on the judgment. Strickland, 466 U.S. at 691.

 Failure to object to evidence will only constitute ineffective assistance of counsel when, viewing the totality of the
circumstances, the error falls outside professional norms and prejudices the defense such that there is a reasonable
probability that the trial result would have been different but for the error. (2) See Strickland, 466 U.S. at 687; Washington,
771 S.W.2d at 545. Failure to object to admissible evidence is not ineffective assistance of counsel. See Smith v. State of
Texas, 40 S.W.3d 147, 150 (Tex. App.-Texarkana 2001, no pet.); Burruss v. State of Texas, 20 S.W.3d 179, 188 (Tex.
App.-Texarkana 2000, pet. ref'd). The appellant must show that testimony was subject to exclusion by legitimate objection
to demonstrate prejudicial behavior. Lee v. State of Texas, 29 S.W.3d 570, 579-80 (Tex. App.-Dallas 2000, no pet.). An
isolated failure to object to certain procedural mistakes or improper evidence does not render counsel ineffective. Ingham
v. State of Texas, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984). The combined prejudicial impact of many such failures,
however, may constitute ineffective assistance. See Weathersby v. State of Texas, 627 S.W.2d 729, 730 (Tex. Crim. App.
1982). Lodging completely incoherent objections is comparable to the failure to object. 

Error is preserved for appeal when an objection is timely and states specific grounds for a ruling, and the record states the
court's action . (3) See Tex. R. App. P. 33.1; Ethington v. State of Texas, 819 S.W.2d 854, 859 (Tex. Crim. App. 1991). It
is not ineffective assistance when an attorney does not preserve an error that is not reversible. (4) Mathews v. State of
Texas,960 S.W.2d 750, 753 (Tex. App.-Tyler 1997, no pet.). The failure to preserve reversible error, however, may support
a claim for ineffective assistance. E.g., Winn v. State of Texas, 871 S.W.2d 756, 761 (Tex. App.-Corpus Christi 1993, no
pet.); Montez v. State of Texas, 824 S.W.2d 308, 310 (Tex. App.-San Antonio 1992, no pet.); Williamson v. State of Texas,
771 S.W.2d 601, 606-07 (Tex. App.-Dallas 1989, pet. ref'd).

Appellant asserts that he was denied effective assistance of counsel when his trial counsel repeatedly made incoherent,
disjointed objections throughout the guilt/innocence stage of the trial. First, appellant disputes counsel's objection to the
trial court's ruling on the motion to quash the complaint. No objection to the court's ruling was required, however, because
any error was preserved by the motion. See Tex. R. App. P. 33.1(a)(1). We cannot find that this constitutes ineffective
assistance of counsel.

Next, appellant contends that counsel's objection regarding the amended jury panel list formation was error. A review of
the record shows that this was not an objection at all, but rather, a mere inquiry made by trial counsel regarding the county
shuffling procedure. We cannot find that this constitutes ineffective assistance. 

Appellant also contends that counsel made vague suggestions to modify the jury charge. Appellant's brief, however, does
not specifically demonstrate how counsel erred or, assuming he erred, why it was prejudicial. We cannot find ineffective
assistance here. 

Finally, appellant contends that several other objections made by trial counsel were "incoherent." A review of the record,
however, discloses that each objection was properly lodged, but was overruled at the trial court's discretion. Viewing the
totality of representation, we cannot find that these instances amount to ineffective assistance of counsel. 

In sum, we find that no instance of which the appellant complains constitutes ineffective assistance of counsel. Appellant
has not indicated any instance where counsel failed to adequately object to inadmissable evidence, thus falling below the
prevailing professional norms. Consequently, the first prong of the Strickland test is not met. See Strickland, 466 U.S. at
687. Even assuming that appellant met this standard by a preponderance of the evidence, the brief does not demonstrate
how any error is sufficient to cast doubt on the conviction. Appellant does not establish how the failure to preserve any
specific trial error undermined the trial process so much as to doubt that he received a fair result. Accordingly, we overrule
appellant's point of error and affirm the conviction.

______________________________

J. BONNER DORSEY,

Justice

Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 12th day of July, 2001. 

1. The law in effect at the time of commission of the offense (1998) is applicable, but since the section has not changed, the
current version is cited for convenience.

2. An objection to the admission of evidence must be specific and must state the grounds of the objection. Hinkle v. State of
Texas, 442 S.W.2d 728, 732 (Tex. Crim. App. 1969).

3. An objection, without stating the grounds or reason therefor, is insufficient to preserve error. Rodriguez v. State of
Texas, 417 S.W.2d 165, 167 (Tex. Crim. App. 1967). 

4. In order for trial counsel's failure to object to constitute ineffective assistance, appellant must demonstrate that, had he
objected, the trial judge would have erred in refusing to sustain the objection. Vaughn v. State of Texas, 888 S.W.2d 62, 74
(Tex. App.-Houston [1st Dist.] 1994), aff'd, 931 S.W.2d 564 (Tex. Crim. App. 1996).