NO. 07-98-0105-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



DECEMBER 17, 2002



______________________________




IN THE INTEREST OF JILL NICOLE GUINN


AND BRANDON JEREMY GUINN


 

_________________________________



FROM THE 355TH DISTRICT COURT OF HOOD COUNTY;



NO. 92-609-D; HONORABLE TOM CRUM, JUDGE



_______________________________



Before QUINN and REAVIS, JJ., and BOYD, SJ. (1)

 In four issues, appellant Chuck Guinn challenges an order modifying the child
support to be paid by him. In those issues, he argues that the trial court erred in: 1)
increasing child support because there is no evidence, or in the alternative, insufficient
evidence that the circumstances of the children or a person affected by the order have
materially and substantially changed since the date of the order's rendition; 2) failing to
make child support fact findings as requested by appellant; 3) abusing its discretion in
calculating net resources for the purpose of setting child support; and 4) considering the
income tax deductions appellant received by virtue of his present wife and dependents
when calculating net resources for the purpose of setting child support. For reasons we
state hereafter, the judgment of the trial court is reversed.

 Appellee Donna Rene Seay and appellant were married on or about April 25, 1980,
and were divorced on May 11, 1983. To that marriage, two children, who are the subject
of this suit, were born. They are Jill Nicole Guinn, a female, born on October 10, 1980,
and Brandon Jeremy Guinn, a male, born on December 28, 1981. In the divorce judgment,
appellant's child support was set at an amount of $300 per month. Appellant did not pay
child support for the months of April and May 1997. Subsequently, appellee filed a motion
seeking enforcement of the child support obligation, and concomitantly, a motion seeking
a modification of and increase in the amount of child support. On November 3, 1997, after
hearing, the trial court entered the order giving rise to this appeal. As material here, the
child support payment was increased to $377.32.

 Because of the questions involved in this appeal, a brief recitation of the evidence
produced at the modification hearing is necessary. In June 1996, appellant began working
at the Duncan Ranch located in Hamilton County. The record shows that he was paid
$800 per month, with his gross income for seven months in 1996 being $14,563. In
connection with his ranching duties, appellant has access to, and uses, a ranch house
which also doubles as an office. Appellant is also provided the use of a truck owned by
his employer for use in connection with his ranch duties. There is no testimony about any
pecuniary value of the use of the truck and the house. 

 Appellant has two other children by a second wife in addition to the two children that
are the subject of this proceeding, and appellee has a daughter by her second husband. 
Through her employer, appellee purchased medical insurance which costs her $55 per
month.

 The trial court found appellant's net income to be $1,828.50 per month. After
deducting $640 for federal income tax, $902.30 for social security, and $211.02 for
Medicare, appellant's net income for seven months was $12,800. The trial court divided
that number by seven to arrive at a net income of $1,828.50 per month. The trial judge
then multiplied that figure by 20.63% and arrived at a figure of $377.32, (2) which is the
amount to which he increased the monthly child support. In arriving at the increased child
support figure, the judge did not use the 1997 statutory employed persons tax chart in
arriving at appellant's net monthly income because, the court felt, that statutory tax chart
did not take into account the additional tax deduction which benefitted appellant by virtue
of his other two dependent children born to his other marriage.

 Reiterated, in his first issue, appellant argues that the evidence is insufficient to
show a material change of circumstance in regard to the children since the date of the
original support order. Family Code section 156.401, both now and at the time of the
modification order, provides two grounds for modification of previously ordered child
support. Tex. Fam Code Ann. § 156.401 (Vernon 2002). The first ground is if the
circumstances of the children or a party affected by the order have materially and
substantially changed since the date of the order's rendition. Id. The second ground is
if it has been three years since the order was rendered or last modified and the monthly
amount of the child support award under the prior order differs by either 20% or $100 from
the amount that would be awarded in accordance with the child support guidelines at the
time of the modification. Id. 

 We have no record of the testimony received at the divorce hearing. However, we
do have a record of the testimony produced at the modification hearing. There is no
testimony as to the amount of money appellee made at the time of the hearing, and there
is no testimony as to the amount she was making at the time of the divorce. Likewise,
there is no testimony as to the amount of the children's expenses either at the time of the
divorce or the modification hearing. Indeed, the only testimony concerning a change of
circumstance is that of appellant, in which he avers he made more money at the time of
the divorce than at the time of the modification hearing.

 Appellee does not join issue on the question of the evidence of a material change
of circumstance. Rather, she argues, the modification was justified under the second
prong of the statute which allows a change if it has been three years since the original
order was entered, and the monthly amount of child support set in that prior order differs
by either 20% or $100 from the amount that would be awarded in accordance with child
support guidelines. For reasons that will become apparent, we will consider that argument
after our discussion of appellant's third and fourth issues.

 In his third issue, as we have noted, appellant argues the trial court abused its
discretion in calculating his net resources for the purpose of determining child support. 
In his fourth issue, appellant contends the trial court erred in considering the additional
income tax deductions he receives because of his second wife and her dependents rather
than using the employed persons tax chart contained in section 154.061 of the Family
Code. See Tex. Fam. Code Ann. § 154.061 (Vernon 2002). 

 As did appellant, we will discuss both points together because they are so closely
related. The statutory tax chart provides a method of calculating net monthly income of a
child support obligor by subtracting from monthly gross wages the social security taxes and
federal income tax withholding for a single individual claiming one personal exemption and
the standard deduction. Id. ( "Instructions for Use"). 

 Appellant reasons that the proper calculation for his child support should have been
$336.68. He arrives at that figure because, using the earning figures we have mentioned
above and applying his monthly net income shown on the 1997 tax chart, his total monthly
net income would be $1,632, rather than the $1828.50 used by the trial court. Multiplying
$1,632 by the 20.63% factor used by the trial court would equal $336.68, the figure
appellant argues should have been the amount set for his child support.

 The Family Code specifically states that "[t]he court shall deduct . . . federal income
tax based on the tax rate for a single person claiming one personal exemption and the
standard deduction . . . ." See Tex. Fam. Code Ann. § 154.062(d)(2) (Vernon 2002). 
Federal income tax regulations and the Family Code do not mirror each other in methods
of calculating income. Powell v. Swanson, 893 S.W.2d 161, 163 (Tex.App.-Houston [1st
Dist.] 1995, no writ). Because many child support obligors do not file their federal income
tax returns as single persons, the statutory tax chart is intended to be used by courts in
calculating net income for the purpose of determining child support payments. Wright v.
Wright, 867 S.W.2d 807, 814 (Tex.App.-El Paso 1993, writ denied). By failing to follow
the statutory direction, the trial court reversibly erred in the amount of child support set by
it. The monthly child support should have been set at $336.68 per month. Therefore, we
must sustain appellant's third and fourth issues. 

 Because the amount of child support that should have set by the trial court does not
differ by either 20% or $100 from that previously set, our sustention of appellant's third
and fourth issues obviates the necessity to discuss appellee's argument that the amount
set by the trial court complies with section 156.401(a)(2) of the Family Code. It also
obviates the necessity for discussion of appellee's second issue.

 Accordingly, the order of the trial court is reversed and the cause remanded to the
trial court for further proceedings in accordance with this opinion. 

 Per Curiam

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2002). 
2. Actually, 20.63% of $1,828.50 is $377.22, but the difference is not material to our
discussion. 



span style="font-family: 'Arial', sans-serif">Standard of Review
          In determining whether counsel’s representation was so inadequate as to violate a
defendant’s Sixth Amendment right to counsel, Texas courts adhere to the two-pronged
test enunciated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984). See Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986).


 Judicial
review of an ineffective assistance of counsel claim must be highly deferential to trial
counsel and avoid using hindsight to evaluate counsel’s actions. Ingham v. State, 679
S.W.2d 503, 509 (Tex.Crim.App. 1984). There is a strong presumption that counsel’s
conduct fell within the wide range of reasonable professional assistance. Strickland, 466
U.S. at 690. The burden is on appellant to prove by a preponderance of the evidence that
counsel was ineffective. See McFarland v. State, 928 S.W.2d 482, 500 (Tex.Crim.App.
1996) (en banc). The defendant must first prove that counsel’s performance was deficient,
i.e., that counsel’s assistance fell below an objective standard of reasonableness. 
McFarland, 928 S.W.2d at 500. If appellant has demonstrated deficient assistance of
counsel, it is then necessary that appellant affirmatively prove prejudice as a result of the
deficient assistance. Id. In proving prejudice, appellant must prove a reasonable
probability that, but for counsel’s errors, the result of the proceeding would have been
different. A reasonable probability is a probability sufficient to undermine confidence in the
outcome. Hernandez, 726 S.W.2d at 55. 
          Any allegation of ineffective assistance of counsel must be firmly founded in the
record and the record must affirmatively demonstrate the alleged ineffectiveness. 
McFarland, 928 S.W.2d at 500. Failure to make the required showing of either deficient
performance or sufficient prejudice defeats the ineffectiveness claim. Id. Absent both
showings, an appellate court cannot conclude the conviction resulted from a breakdown
in the adversarial process that renders the result unreliable. Ex parte Menchaca, 854
S.W.2d 128, 131 (Tex.Crim.App. 1993). Appellate courts look to the totality of the
representation and the particular circumstances of each case in evaluating the
effectiveness of counsel. Ex parte Felton, 815 S.W.2d 733, 735 (Tex.Crim.App. 1991). It
is possible that a single egregious error of omission or commission by appellant’s counsel
constitutes ineffective assistance. E.g., Jackson v. State, 766 S.W.2d 504, 508
(Tex.Crim.App. 1985) (modified on other grounds on remand from United States Supreme
Court in 766 S.W.2d 518 (Tex.Crim.App. 1988)).
Analysis
          The gist of appellant’s argument is that there were other, more, and different
questions that could have been asked the five challenged venirepersons that might have
led to their exclusion for cause. While this is an interesting theory, nowhere in appellant’s
brief does he set forth what exactly about trial counsel’s questioning of these venirepersons
was deficient, except to say that the trial court denied the challenge for cause. This does
not meet the requirement that any allegation of ineffective assistance of counsel must be
firmly founded in the record and the record must affirmatively demonstrate the alleged
ineffectiveness. McFarland, 928 S.W.2d at 500. Accordingly, trial counsel’s examination
was not deficient. With the record presented to this court, we cannot say that the efforts
of trial counsel fell outside the wide range of reasonable professional assistance. 
Strickland, 466 U.S. at 690.
          Even if we were to assume that trial counsel’s voir dire was deficient for purposes
of the first prong of the Strickland test, appellant only conclusorily addresses the issue of
the harm analysis. Harm, according to appellant, must be assumed because those five
jurors had to be struck by appellant’s trial counsel, yet this goes not to harm but to the first
prong. To support the second prong of Strickland, appellant cites this court to Montez v.
State to support his contention that our confidence in the outcome of this trial is sufficiently
undermined as to require a new trial. Montez v. State, 824 S.W.2d 308, 311
(Tex.App.–San Antonio 1992, no pet.). However, Montez is significantly different factually
from the case before the court. Instead of one allegation of ineffective assistance of
counsel during voir dire, in Montez, the court outlines five additional claims of ineffective
assistance of counsel, which the court took into consideration in deciding that, under a
totality of the circumstances view, the appellant did not get a fair trial. Id. In our situation,
there is one allegation, which is doubtful in and of itself; further, there is not a real showing
of harm to appellant from the record. McFarland, 928 S.W.2d at 500. Accordingly, we
cannot say that, from the overall record, our confidence in the jury verdict has been
undermined. Hernandez, 726 S.W.2d at 55. Accordingly, we overrule appellant’s only
issue.
Conclusion
          Having overruled appellant’s single issue, we affirm the judgment of the trial court.
 
 
                                                                           Mackey K. Hancock

                                                                                      Justice









Do not publish.