NO. 07-09-0007-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 17, 2009
______________________________

ALBERT TORRES, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B 17651-0805; HONORABLE ED SELF, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Albert Torres, Jr., was convicted of possession of a controlled substance,
cocaine,


 in an amount of less than one gram.


 The jury assessed punishment at two years
confinement in a State Jail facility. Appellant appeals alleging that his trial counsel was
ineffective in the manner in which he conducted voir dire. We disagree and affirm.
 
Factual & Procedural Background
          Appellant does not contest the sufficiency of the evidence to sustain the conviction,
therefore, we will only put forth so much of the record as is necessary for our effective
consideration of appellant’s issue. 
          During voir dire, in addition to the normal areas of voir dire about burden of proof,
presumption of innocence, and the like, appellant appeared to concentrate his voir dire on
two main areas. First, whether or not the venireperson at issue had friends or relatives that
had been or were substance abusers. If the venireperson said yes, then trial counsel
proceeded to attempt to ascertain whether or not this background fact would impact the
venireperson’s ability to serve on this particular jury. Second, trial counsel asked questions
about whether or not any of the venirepersons had friends or relatives that were serving or
had served in law enforcement. If counsel received an affirmative answer, a follow up
question was asked about how that involvement might affect the venireperson’s service. 
Primarily, trial counsel visited with these venirepersons about whether they would favor the
State as a result of this relationship or give more credence to an officer’s testimony
because of this relationship. 
          After voir dire had been completed, the trial court entertained challenges for cause
from both sides. Appellant’s trial counsel had eight total challenges for cause. The trial
court granted three of them and denied five of them. It is the five denied challenges for
cause that is the basis of appellant’s complaint. Essentially, appellant contends that trial
counsel was ineffective because he did not properly question the venirepersons who were
challenged for cause but were not stricken for cause.
Standard of Review
          In determining whether counsel’s representation was so inadequate as to violate a
defendant’s Sixth Amendment right to counsel, Texas courts adhere to the two-pronged
test enunciated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984). See Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986).


 Judicial
review of an ineffective assistance of counsel claim must be highly deferential to trial
counsel and avoid using hindsight to evaluate counsel’s actions. Ingham v. State, 679
S.W.2d 503, 509 (Tex.Crim.App. 1984). There is a strong presumption that counsel’s
conduct fell within the wide range of reasonable professional assistance. Strickland, 466
U.S. at 690. The burden is on appellant to prove by a preponderance of the evidence that
counsel was ineffective. See McFarland v. State, 928 S.W.2d 482, 500 (Tex.Crim.App.
1996) (en banc). The defendant must first prove that counsel’s performance was deficient,
i.e., that counsel’s assistance fell below an objective standard of reasonableness. 
McFarland, 928 S.W.2d at 500. If appellant has demonstrated deficient assistance of
counsel, it is then necessary that appellant affirmatively prove prejudice as a result of the
deficient assistance. Id. In proving prejudice, appellant must prove a reasonable
probability that, but for counsel’s errors, the result of the proceeding would have been
different. A reasonable probability is a probability sufficient to undermine confidence in the
outcome. Hernandez, 726 S.W.2d at 55. 
          Any allegation of ineffective assistance of counsel must be firmly founded in the
record and the record must affirmatively demonstrate the alleged ineffectiveness. 
McFarland, 928 S.W.2d at 500. Failure to make the required showing of either deficient
performance or sufficient prejudice defeats the ineffectiveness claim. Id. Absent both
showings, an appellate court cannot conclude the conviction resulted from a breakdown
in the adversarial process that renders the result unreliable. Ex parte Menchaca, 854
S.W.2d 128, 131 (Tex.Crim.App. 1993). Appellate courts look to the totality of the
representation and the particular circumstances of each case in evaluating the
effectiveness of counsel. Ex parte Felton, 815 S.W.2d 733, 735 (Tex.Crim.App. 1991). It
is possible that a single egregious error of omission or commission by appellant’s counsel
constitutes ineffective assistance. E.g., Jackson v. State, 766 S.W.2d 504, 508
(Tex.Crim.App. 1985) (modified on other grounds on remand from United States Supreme
Court in 766 S.W.2d 518 (Tex.Crim.App. 1988)).
Analysis
          The gist of appellant’s argument is that there were other, more, and different
questions that could have been asked the five challenged venirepersons that might have
led to their exclusion for cause. While this is an interesting theory, nowhere in appellant’s
brief does he set forth what exactly about trial counsel’s questioning of these venirepersons
was deficient, except to say that the trial court denied the challenge for cause. This does
not meet the requirement that any allegation of ineffective assistance of counsel must be
firmly founded in the record and the record must affirmatively demonstrate the alleged
ineffectiveness. McFarland, 928 S.W.2d at 500. Accordingly, trial counsel’s examination
was not deficient. With the record presented to this court, we cannot say that the efforts
of trial counsel fell outside the wide range of reasonable professional assistance. 
Strickland, 466 U.S. at 690.
          Even if we were to assume that trial counsel’s voir dire was deficient for purposes
of the first prong of the Strickland test, appellant only conclusorily addresses the issue of
the harm analysis. Harm, according to appellant, must be assumed because those five
jurors had to be struck by appellant’s trial counsel, yet this goes not to harm but to the first
prong. To support the second prong of Strickland, appellant cites this court to Montez v.
State to support his contention that our confidence in the outcome of this trial is sufficiently
undermined as to require a new trial. Montez v. State, 824 S.W.2d 308, 311
(Tex.App.–San Antonio 1992, no pet.). However, Montez is significantly different factually
from the case before the court. Instead of one allegation of ineffective assistance of
counsel during voir dire, in Montez, the court outlines five additional claims of ineffective
assistance of counsel, which the court took into consideration in deciding that, under a
totality of the circumstances view, the appellant did not get a fair trial. Id. In our situation,
there is one allegation, which is doubtful in and of itself; further, there is not a real showing
of harm to appellant from the record. McFarland, 928 S.W.2d at 500. Accordingly, we
cannot say that, from the overall record, our confidence in the jury verdict has been
undermined. Hernandez, 726 S.W.2d at 55. Accordingly, we overrule appellant’s only
issue.
Conclusion
          Having overruled appellant’s single issue, we affirm the judgment of the trial court.
 
 
                                                                           Mackey K. Hancock

                                                                                      Justice









Do not publish.