NO. 07-09-0007-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 17, 2009
_____

ALBERT TORRES, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B 17651-0805; HONORABLE ED SELF, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Albert Torres, Jr., was convicted of possession of a controlled substance, cocaine,[1] in an amount of less than one gram.[2] The jury assessed punishment at two years confinement in a State Jail facility. Appellant appeals alleging that his trial counsel was ineffective in the manner in which he conducted voir dire. We disagree and affirm.

_____

[1] See TEXAS HEALTH & SAFETY CODE ANN. § 481.102(3)(D) (Vernon Supp. 2008).

[2] See TEXAS HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon 2003).

## Factual & Procedural Background

Appellant does not contest the sufficiency of the evidence to sustain the conviction, therefore, we will only put forth so much of the record as is necessary for our effective consideration of appellant's issue.

During voir dire, in addition to the normal areas of voir dire about burden of proof, presumption of innocence, and the like, appellant appeared to concentrate his voir dire on two main areas. First, whether or not the venireperson at issue had friends or relatives that had been or were substance abusers. If the venireperson said yes, then trial counsel proceeded to attempt to ascertain whether or not this background fact would impact the venireperson's ability to serve on this particular jury. Second, trial counsel asked questions about whether or not any of the venirepersons had friends or relatives that were serving or had served in law enforcement. If counsel received an affirmative answer, a follow up question was asked about how that involvement might affect the venireperson's service. Primarily, trial counsel visited with these venirepersons about whether they would favor the State as a result of this relationship or give more credence to an officer's testimony because of this relationship.

After voir dire had been completed, the trial court entertained challenges for cause from both sides. Appellant's trial counsel had eight total challenges for cause. The trial court granted three of them and denied five of them. It is the five denied challenges for cause that is the basis of appellant's complaint. Essentially, appellant contends that trial

counsel was ineffective because he did not properly question the venirepersons who were challenged for cause but were not stricken for cause.

## Standard of Review

In determining whether counsel's representation was so inadequate as to violate a defendant's Sixth Amendment right to counsel, Texas courts adhere to the two-pronged test enunciated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986).[3] Judicial review of an ineffective assistance of counsel claim must be highly deferential to trial counsel and avoid using hindsight to evaluate counsel's actions. Ingham v. State, 679 S.W.2d 503, 509 (Tex.Crim.App. 1984). There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 690. The burden is on appellant to prove by a preponderance of the evidence that counsel was ineffective. See McFarland v. State, 928 S.W.2d 482, 500 (Tex.Crim.App. 1996) (en banc). The defendant must first prove that counsel's performance was deficient, *i.e.*, that counsel's assistance fell below an objective standard of reasonableness. McFarland, 928 S.W.2d at 500. If appellant has demonstrated deficient assistance of counsel, it is then necessary that appellant affirmatively prove prejudice as a result of the deficient assistance. Id. In proving prejudice, appellant must prove a reasonable probability that, but for counsel's errors, the result of the proceeding would have been

---

[3]The same standard of review applies to contentions arising under Article 1, Section 10, of the Texas Constitution.

different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  Hernandez, 726 S.W.2d at 55.

Any allegation of ineffective assistance of counsel must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness. McFarland, 928 S.W.2d at 500.  Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.  Id.  Absent both showings, an appellate court cannot conclude the conviction resulted from a breakdown in the adversarial process that renders the result unreliable.  Ex parte Menchaca, 854 S.W.2d 128, 131 (Tex.Crim.App. 1993).  Appellate courts look to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel.  Ex parte Felton, 815 S.W.2d 733, 735 (Tex.Crim.App. 1991).  It is possible that a single egregious error of omission or commission by appellant's counsel constitutes ineffective assistance.  E.g., Jackson v. State, 766 S.W.2d 504, 508 (Tex.Crim.App. 1985) (modified on other grounds on remand from United States Supreme Court in 766 S.W.2d 518 (Tex.Crim.App. 1988)).

## Analysis

The gist of appellant's argument is that there were other, more, and different questions that could have been asked the five challenged venirepersons that might have led to their exclusion for cause.  While this is an interesting theory, nowhere in appellant's brief does he set forth what exactly about trial counsel's questioning of these venirepersons was deficient, except to say that the trial court denied the challenge for cause.  This does

4

not meet the requirement that any allegation of ineffective assistance of counsel must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness.  McFarland, 928 S.W.2d at 500.  Accordingly, trial counsel's examination was not deficient.  With the record presented to this court, we cannot say that the efforts of trial counsel fell outside the wide range of reasonable professional assistance. Strickland, 466 U.S. at 690.

Even if we were to assume that trial counsel's voir dire was deficient for purposes of the first prong of the Strickland test, appellant only conclusorily addresses the issue of the harm analysis.  Harm, according to appellant, must be assumed because those five jurors had to be struck by appellant's trial counsel, yet this goes not to harm but to the first prong.  To support the second prong of Strickland, appellant cites this court to Montez v. State to support his contention that our confidence in the outcome of this trial is sufficiently undermined as to require a new trial.  Montez v. State, 824 S.W.2d 308, 311 (Tex.App.–San Antonio 1992, no pet.).  However, Montez is significantly different factually from the case before the court.  Instead of one allegation of ineffective assistance of counsel during voir dire, in Montez, the court outlines five additional claims of ineffective assistance of counsel, which the court took into consideration in deciding that, under a totality of the circumstances view, the appellant did not get a fair trial.  Id.  In our situation, there is one allegation, which is doubtful in and of itself; further, there is not a real showing of harm to appellant from the record.  McFarland, 928 S.W.2d at 500.  Accordingly, we cannot say that, from the overall record, our confidence in the jury verdict has been

undermined. <u>Hernandez</u>, 726 S.W.2d at 55.  Accordingly, we overrule appellant's only issue.

## Conclusion

Having overruled appellant's single issue, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice


Do not publish.