Opinion issued March 1, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00790-CR

———————————

Harrington Christopher Young, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 263rd District Court

Harris County, Texas



Trial Court Case No. 1192658

 



 

O P I N I O N

Appellant Harrington Christopher
Young pleaded guilty, without an agreed recommendation as to punishment, to
aggravated sexual assault of a child under the age of 14, a first-degree
felony.  Tex. Penal Code Ann. § 22.021(a)(1)(B)(iii),
(a)(2)(B), (e) (West Supp. 2011).  The
trial court sentenced him to imprisonment for 15 years.  Young appeals from the judgment on two
grounds: (1) ineffective assistance of counsel, and (2) cruel and
unusual punishment.  We affirm the
judgment of the trial court.

Background

At the time of Young’s guilty plea, there was no agreed
recommendation as to his sentence.  The
trial court ordered the preparation of a presentence investigation (PSI) report
before making a finding of guilt.

Some statements in the PSI report appear to be
inconsistent.  For example, the report
states that Young previously was arrested by Baytown police for a separate
incident of aggravated sexual assault of a child.  But the report states that Young had no prior
arrests.  In addition, the PSI report
categorized the Baytown incident as part of Young’s adult criminal record, but
Young was 16 years old at that time.  The
report also states that Young had no prior juvenile criminal record.  Finally, although Young was 17 years old at
the time of the underlying offense, the PSI report repeatedly recites Young’s
age as 18, which was his age at the time the report was prepared.

The trial court sentenced Young to imprisonment for 15
years.  There is no reporter’s record for
any proceeding in the trial court, including the sentencing hearing.

In briefing to this court, Young’s initial court-appointed
appellate counsel stated her professional opinion that there were no arguable
grounds for reversal and that therefore any appeal would be wholly frivolous.  Young, however, listed three specific grounds
in his pro se notice of appeal, which his appellate counsel did not completely
address.  This court reviewed the entire
record, including Young’s pro se notice of appeal, and based upon the brief
filed by counsel a supplemental record containing the PSI report was ordered to
determine whether arguable grounds for appeal existed.  See
Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); Bledsoe
v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  Based upon that review, this court concluded
that there was at least one arguable ground for appeal: that Young’s trial
counsel may have been ineffective for not objecting to the PSI report based on
the inconsistent indications about his age at the times of the Baytown incident
and the underlying offense.  See Young v. State, No. 01-09-00790-CR,
at 5 (Tex. App.—Houston [1st Dist.] June 29, 2011, order).  This court remanded the case to the trial
court to allow Young’s appellate counsel to withdraw and to appoint new counsel
to represent Young on appeal.  See id. 
We now address the arguments made by Young’s new counsel on appeal.

Analysis

Young raises two issues. 
First, Young argues that he received ineffective assistance of counsel
at the PSI hearing because his trial attorney (1) failed to file a motion
requesting deferred adjudication, when the record otherwise reflects his
eligibility, (2) failed to object to or move to correct the PSI report
based on the inconsistencies regarding the Baytown incident and the implication
that Young was 18 at the time of the underlying offense, and (3) failed to
request a court reporter to preserve the record for appeal.  Second, Young argues that his 15-year sentence
constitutes cruel and unusual punishment under the Eighth Amendment,
considering his contention that he was eligible for deferred adjudication.  The State argues that Young has not met his
burden to establish ineffective assistance of counsel and that the record does
not show that he preserved his cruel-and-unusual-punishment objection to the
sentence.

I.              
Ineffective assistance

The standard of review for ineffective assistance of counsel
is set forth in Strickland v. Washington,
466 U.S. 668, 687–96,
104 S. Ct. 2052, 2064–69 (1984), and Bone
v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).  To prevail, Young must first show that his
counsel’s performance was deficient.  Strickland, 466 U.S. at
687, 104 S. Ct. at 2064; Bone, 77
S.W.3d at 833.  “Specifically,
appellant must prove, by a preponderance of the evidence,
that his counsel’s representation fell below the objective standard of
professional norms.”  Bone, 77 S.W.3d at 833.  “Second, appellant must show that this
deficient performance prejudiced his defense,” meaning that Young “must show a
reasonable probability that, but for his counsel’s unprofessional errors, the
result of the proceeding would have been different.”  Id.
(quoting Mitchell v. State, 68 S.W.3d
640, 642 (Tex. Crim. App. 2002)).  A
“reasonable probability” is one “sufficient to undermine confidence in the
outcome.”  Id.  Thus, the “benchmark for
judging any claim of ineffectiveness must be whether counsel’s conduct so
undermined the proper functioning of the adversarial process that the trial
cannot be relied on as having produced a just result.”  Strickland, 466 U.S. at 686, 104 S. Ct. at 2064.  “Any allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.”  Thompson v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999).

A.  
Failure to request deferred
adjudication

Young argues that he was deprived of a fair sentencing hearing
because his counsel did not file a motion requesting deferred adjudication, and
that his sentence might have been different if such a motion had been filed.  In support of this argument, Young relies on May v. State, 722 S.W.2d 699 (Tex. Crim.
App. 1984).  In May, the trial court refused to submit a jury charge on probation because
the defendant’s trial counsel had submitted an unsworn motion requesting
probation, rather than a sworn motion as required by the Code of Criminal
Procedure.  May v. State, 660 S.W.2d 888, 889 (Tex. App.—Austin 1983), aff’d, 722 S.W.2d
699 (Tex. Crim. App. 1984); see Tex. Code Crim. Proc. Ann. art. 42.12, § 4(d)(3), (e) (West Supp. 2011) (prohibiting jury-sentenced
community supervision if defendant fails to file sworn motion).  Reversing the conviction, the court of
appeals found that the defendant’s trial counsel’s failure to verify the motion
“can in no way be considered trial strategy” because it “totally precluded the
jury from considering probation.”  May, 660 S.W.2d at 890.  The Court of Criminal Appeals affirmed.  May,
722 S.W.2d at 700.

          May
is distinguishable from this case.  A
sworn motion is required for a jury’s sentence of community supervision.  See State v. Posey, 330 S.W.3d 311, 316 (Tex. Crim. App. 2011); Tex. Code Crim. Proc. Ann. art. 42.12, § 4(d)(3),
(e).  However, the Code of Criminal
Procedure does not require such a motion, whether sworn or unsworn, in order
for the judge to assess deferred adjudication after receiving a guilty plea.  See Tex. Code Crim. Proc. Ann. art. 42.12,
§ 5(a).  Because the
defendant’s motion is unnecessary to permit the trial judge to assess deferred
adjudication, Young cannot show that the alleged failure to file the motion infringed
an objective standard of professional norms. 
See Bone, 77
S.W.3d at 833.

          Moreover, the trial court is
prohibited from assessing deferred adjudication for a defendant who has pleaded
guilty to aggravated sexual assault unless “the judge makes a finding in open
court that placing the defendant on community supervision is in the best
interest of the victim.”  Tex. Code Crim. Proc. Ann. art. 42.12,
§ 5(a).  Because the record
does not show that the trial court made this finding, or that the trial court
would have made such a finding if requested, any request for deferred
adjudication would have been futile.  Young
therefore cannot show that his counsel’s performance was deficient.  See Mooney
v. State, 817 S.W.2d 693, 698 (Tex. Crim. App. 1991) (“Counsel is not
required to engage in the filing of futile motions.”).

B.  
Failure to object to PSI

Young next argues that he received ineffective assistance
because his trial counsel failed to object to or correct inconsistent
information in the PSI report, specifically, (1) the Baytown incident
being listed under adult criminal history when Young was, in fact, 16 on the
indicated date, and (2) the implication that Young was 18 at the time of
the offense, when he was, in fact, 17 at the time.  Young does not rely on any authorities to
support this ground, except for this court’s previous order identifying this as
an arguable issue.

Even assuming that the trial court was under a misimpression regarding
Young’s age at the time of the offense and the Baytown incident, Young has not
established that there is a reasonable probability that he would have received
a lesser sentence if his trial counsel had objected to or corrected the
PSI.  See
Bone, 77 S.W.3d at 833.  As previously mentioned, the trial court
could not order deferred adjudication absent a finding that deferred
adjudication is in the best interest of the victim.  See Tex. Code Crim. Proc. Ann. art. 42.12,
§ 5(a).  Since Young was
convicted of a first-degree felony, the trial court was bound to enter a
sentence of imprisonment for life or for a term between 5 and 99 years.  See Klock v. State, 177 S.W.3d 53, 66 (Tex. App.—Houston
[1st Dist.] 2005, pet. ref’d); Tex. Penal Code Ann. § 12.32(a) (West 2011).  But within that range, the trial court
assesses punishment according to a normative, not intrinsically factbound
process, and it enjoys essentially unfettered discretion.  Ex parte Chavez, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006).  Even assuming that the trial court was under
a misimpression about Young’s history, nothing firmly founded in the record
establishes a reasonable probability that the trial court would have entered a
different sentence if it understood that Young was 16 at the time of the Baytown
incident and 17 at the time of the offense. 
See Thompson, 9 S.W.3d at 813; Bone,
77 S.W.3d at 833.  Therefore, Young
cannot establish ineffective assistance of counsel on this basis.

C.  
Failure to request court reporter

Young’s final argument regarding ineffective assistance is premised
on his trial counsel’s failure to request a court reporter.  Young argues that if the court reporter had
been requested, the record would have revealed whether his counsel made
objections to the PSI report and sentence on the grounds previously discussed
in this opinion.  According to Young,
such a record either would establish his counsel’s ineffective assistance for
failing to make the objections, or the record would have reflected the
objections and thereby preserved the matters for appellate review.  Young also contends, without explanation,
that his sentence might have been different if the court reporter were present.

Young’s only authority for this argument is Montez v. State, 824 S.W.2d 308 (Tex.
App.—San Antonio 1992, no pet.).  In Montez, the court of appeals observed
that a criminal defendant’s trial counsel had failed to follow the proper procedure
for preserving error during jury selection. 
Id. at 310 (citing Jacobs v. State, 787 S.W.2d 397, 405 (Tex.
Crim. App. 1990)).  However, contrary to
Young’s interpretation, the court of appeals in Montez did not reverse the conviction because of the failure to
preserve error, but rather it reversed because of the overall lack of
“fundamental fairness” stemming from other faults committed during jury
selection, along with “numerous other severe deficiencies” in defense counsel’s
performance demonstrated on appeal.  Id. at 310–11.  Thus, Montez
does not provide support for Young’s proposition that a failure to request a court
reporter during a sentencing hearing constitutes reversible error.

A failure to request that
a court reporter record trial court proceedings is not per se ineffective
assistance of counsel.  See Gonzales v. State, 732 S.W.2d 67, 68 (Tex. App.—Houston [1st Dist.] 1987, no
pet.).  When counsel fails to request a
court reporter, this court will not speculate as to what actually
transpired.  See McQueen v. State, 702 S.W.2d 302, 304 (Tex. App.—Houston [1st
Dist.] 1985, no pet.); Booher v. State, 668 S.W.2d 882, 885 (Tex.
App.—Houston [1st Dist.] 1984, pet. ref’d).  Young effectively asks this court to
speculate about what objections his trial counsel did or did not make and what prejudice
could have resulted.  Because such
speculation would not be firmly founded in the record, Young cannot establish
his trial counsel’s deficient performance or any prejudice therefrom.  See Thompson, 9 S.W.3d at 813; McQueen,
702 S.W.2d at 304.

We overrule Young’s first issue.

II.           
Cruel
and unusual punishment

In his second issue,
Young argues that his 15-year sentence for the first-degree felony offense of
aggravated sexual assault of a child under the age of 14 is cruel and unusual,
in violation of the Eighth Amendment.  See U.S.
Const. amend. VIII.  Young contends that he meets the
criteria for deferred adjudication and that the sentence is grossly
disproportionate considering the nature of the offense and his age at the
time.  Young impliedly concedes that this
argument was not preserved for appellate review at the trial level, either
because the objection was not made or because of the lack of a court reporter’s
record.  Nevertheless, he asserts that
the error is fundamental and therefore it need not have been brought to the
trial court’s attention.  The State
argues that there is no indication in the available record that Young objected
to his punishment at the time he was sentenced, and therefore Young has not
preserved the issue for appellate review. 
Alternatively, addressing the merits of Young’s argument, the State
argues that a sentence assessed within the statutory range is generally not
cruel and unusual punishment and that Young’s sentence, which was assessed at
the lower end of the statutory range, was not disproportionate given the
offense he committed.

Generally, to preserve
error for appellate review, the record must show that an objection was made to
the trial court, the grounds for relief were made with sufficient specificity,
and the trial court ruled upon the objection. 
Clarke v. State,
270 S.W.3d 573, 579 (Tex. Crim. App. 2008); Tex. R. App. P. 33.1  “The burden is on appellant to see
that a sufficient record is presented on appeal to show error.”  Montoya v. State, 872 S.W.2d 24, 25 (Tex. App.—Houston [1st Dist.]
1994, pet. ref’d).  Even most constitutional errors are waived if
not properly preserved.  See Broxton v. State, 909
S.W.2d 912, 918 (Tex. Crim. App. 1995).

Young contends that
his sentence resulted from a constitutional violation of the variety so
“fundamental” that he was not required to object to preserve error.  The only authority Young provides for this
argument is a citation to Rule 103(d) of the Rules of Evidence, which provides
that notice may be taken of “fundamental errors affecting substantial rights
although they were not brought to the attention of the court.”  Tex.
R. Evid. 103(d).  The suggestion of fundamental error is
inadequately briefed, see Tex. R. App. P. 38.1(i), but without addressing whether and under what
circumstances a violation of the Eighth Amendment could constitute fundamental
error that requires no trial objection to be preserved for appeal, we conclude
that no such error occurred in this case. 
Young was convicted of a first-degree felony and sentenced on the lower end
of the statutory range of punishments authorized by the Legislature for such
offenses.  See Tex. Penal Code Ann.
§ 12.32(a) (first degree punishment shall be imprisonment “for life or for
any term not more than 99 years or less than 5 years”).  Punishment assessed within the statutory
limits is generally not cruel and unusual punishment.  Samuel v. State, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972); Gavin v. State, No. 01-08-00881-CR, 2010
WL 2025759, at *7 (Tex. App.—Houston [1st Dist.] May
20, 2010, no pet.).  Accordingly,
we overrule Young’s second issue.

Conclusion

          We
affirm the judgment of the trial court.

 

 

 

                                                                      Michael
Massengale

                                                                      Justice


 

Panel consists of Justices Keyes, Higley, and
Massengale.

Justice Keyes, concurring.

Publish.   Tex. R. App. P. 47.4(d).