PD-1292-15

PD-1292-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/30/2015 3:04:59 PM
Accepted 9/30/2015 4:04:58 PM
ABEL ACOSTA
CLERK

# No. _____

In The
## COURT OF CRIMINAL APPEALS OF TEXAS
Austin, Texas

---

**Jesse Dimas Alvarado,** *Petitioner*

**v.**

**State of Texas,** *Respondent*

---

On Appeal from the 185th District Court Harris County, Texas
and from the First Court of Appeals, Houston, Texas

Trial Court Case No. 1410607
Court of Appeals Case No. 01-14-00857-CR

---

# PETITION FOR DISCRETIONARY REVIEW

---

Timothy A. Hootman
SBN 09965450
2402 Pease St
Houston, TX 77003
713.247.9548
713.583.9523 (f)
Email: thootman2000@yahoo.com

ATTORNEY FOR PETITIONER, JESSE
DIMAS ALVARADO

FILED IN
COURT OF CRIMINAL APPEALS

September 30, 2015

ABEL ACOSTA, CLERK

**Oral argument not requested**

1

# Identity Of Judges, Parties, and Counsel

The following judges, parties, and counsel are associated with this case in the trial court and on appeal:

| | |
|---|---|
| **Trial judge:** | Hon. Susan Brown<br>Judge, 185th Judicial District<br>1201 Franklin St, 17th Fl<br>Houston, TX 77002 |
| **Justices from the First Court of Appeals:** | Hon. Sherry Radack, Chief Justice<br>Hon. Laura Carter Higley, Justice<br>Hon. Michael Massengale, Justice<br>301 Fannin St<br>Houston, TX 77002-2066 |

| | |
|---|---|
| **Defendant/Petitioner:** | Jesse Dimas Alvarado |
| **Attorney for petitioner (in the trial court):** | Bryan D. Coyne<br>SBN 04966800<br>1914 Memorial Dr.<br>Houston, TX 77007 |
| **Attorney for petitioner (in the court of appeal and the Court of Criminal Appeals):** | Timothy A. Hootman<br>SBN 09965450<br>2402 Pease St<br>Houston, TX 77003 |

| | |
|---|---|
| **Respondent:** | The State of Texas |
| **Attorneys for respondent:** | Neil Krugh, SBN 24068262<br>Sarah Bruchmiller, SBN 24051359<br>Harris County District Attorney's Office<br>1201 Franklin<br>Houston, TX 77002 |

# Table Of Contents

IDENTITY OF JUDGES, PARTIES, AND COUNSEL............................................2

TABLE OF CONTENTS.................................................................3

INDEX OF AUTHORITIES.............................................................. 4

STATEMENT REGARDING ORAL ARGUMENT............................................. ..6

STATEMENT OF CASE.................................................................7

STATEMENT OF PROCEDURAL HISTORY....................................................8

QUESTIONS PRESENTED FOR REVIEW...................................................... 9

ARGUMENT.........................................................................10

PRAYER FOR RELIEF............................................................... 22

CERTIFICATE OF WORD COUNT.......................................................23

CERTIFICATE OF SERVICE ..........................................................24

APPENDIX........ Memorandum Opinion from the First Court of Appeals

# INDEX OF AUTHORITIES

*Cases:*

*Anaya v. State*, 988 S.W.2d 823 (Tex. App.—Amarillo 1999, no pet.) ............................................................................... 18

*Boyington v. State*, 738 S.W.2d 704 (Tex. App.—Houston [1st Dist.] 1985, no pet. ) ...................................................... 19

*Brown v. State*, 974 S.W.2d 289 (Tex. App.—San Antonio 1998, pet. ref'd) .................................................................. 18

*Cude v. State*, 588 S.W.2d 895 (Tex. Crim. App. 1979) .................................... 18

*Ex parte Menchaca*, 854 S.W.2d 128 (Tex. Crim. App. 1993) ....................... 18, 21

*Glivens v. State*, 918 S.W.2d 30 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd) ............................................................ 19

*Goodspeed v. State*, 187 S.W.3d 390 (Tex. Crim. App. 2005) ........................... 18

*Gosch v. State*, 829 S.W.2d 775 (Tex. Crim. App. 1991) .................................... 21

*Johnston v. State*, 145 S.W.3d 215 (Tex. Crim. App. 2004) .............................. 17

*Mitchell v. State*, 931 S.W.2d 950 (Tex. Crim. App. 1996) ............................... 17

*Mata v. State*, 226 S.W.3d 425 (Tex. Crim. App. 2007) .................................... 18

*Miles v. State*, 644 S.W.2d 23 (Tex. App.—El Paso 1982, no pet.) ................................................................................ 18, 19

*Montez v. State*, 824 S.W.2d 308 (Tex. App.—San Antonio 1992, no pet. ) ................................................................ 19

*Montgomery v. State*, 810 S.W.2d 372 (Tex. Crim. App. 1991) ......................... 17

*Perrero v. State*, 990 S.W.2d 896 (Tex. App.—El Paso 1999, pet. ref'd) ............................................................................. 18

*Ramirez v. State*, 873 S.W.2d 757 (Tex. App.—El Paso 1994, pet. ref'd) ............................................................................. 19

*Rankin v. State*, 974 S.W.2d 707 (Tex. Crim. App. 1996) ................................. 17

*Robbins v. State*, 88 S.W.3d 256 (Tex. Crim. App. 2002) ................................. 17

*Roberts v. State*, 187 S.W.3d 475 (Tex. Crim. App. 2006) ................................ 18

*Stone v. State*, 17 S.W.3d 348 (Tex. App.—Corpus Christi 2000, pet. ref'd) ............................................................................. 18

*Thompson v. State*, 9 S.W.3d 808 (Tex. Crim. App. 1999) ............................. 19, 20

*Vasquez v. State*, 830 S.W.2d 948 (Tex. Crim. App. 1992) .............................. 18

*Vaughn v. State*, 931 S.W.2d 564 (Tex. Crim. App. 1996) ................................ 21

**Federal cases:**

*Lyons v. McCotter*, 770 F.2d 529 (5th Cir. 1985)............................................. 19

*Spriggs v. Collins*, 993 F.2d 85 (5th Cir. 1993) ................................................ 19

*Strickland v. Washington,* 466 U.S. 668 (1984) ........................................19, 20

**Rules:**

TEX. R. EVID. 103 .........................................................................................15, 16

TEX. R. EVID. 104 .......................................................................................... 16

TEX. R. EVID. 403 .......................................................................................... 17

TEX. R. EVID. 404(b) ...................................................................................... 17

# STATEMENT REGARDING ORAL ARGUMENT

Petitioner does not request oral argument.

# STATEMENT OF THE CASE

Petitioner was charged by indictment with unlawful possession of a firearm in violation of section 46.04(a)(1) of the Penal Code (CR 9). After a plea of not guilty, a jury convicted appellant (CR 33-39) and the trial court sentenced him to five years in prison and $335.00 in court costs (CR 40). The court of appeals affirmed and denied petitioner's motion for rehearing.

# STATEMENT OF PROCEDURAL HISTORY

On July 16, 2015, the First Court of Appeals affirmed petitioner's conviction in an unpublished opinion.

On July 31, 2015, petitioner filed a motion for rehearing which was denied on September 1, 2015.

# QUESTIONS PRESENTED FOR REVIEW

### Question one:

Would a reasonably competent lawyer formulate a trial strategy of not objecting to the extraneous offense evidence present in this case when he or she could have preserved the error *outside the hearing of the jury* under Rules of Evidence 103 and 104 thereby eliminating the need to object in front of the jury without losing the objection?

### Question two:

Should the court of appeals have addressed the merits of the ineffective assistance of counsel claim raised in Appellant's Brief?

# ARGUMENT

On July 21, 2003, petitioner pleaded guilty to sexual assault of a teenaged female who was between 14 and 17 years old (her exact age is not clear from the record) while he was 18 years old. (RR 3/58 and 5/State Exh. 9). More specifically, petitioner pleaded guilty to the second paragraph of the indictment which alleges that he "cause[d] the penetration of the female sexual organ of ... the [c]omplainant, a person younger than seventeen years of age ... by placing his finger in the female sexual organ of the [c]omplainant." *Id.* Petitioner was sentenced to ten years deferred adjudication probation with "152 days in the Harris County Jail beginning July 21, 2003" as a condition of the probation. (RR 5/State Exh. 9).

On July 22, 2003 (the day after being sentenced in the sexual assault case), a motion to adjudicate petitioner's deferred adjudication probation was filed because he "committed the offense of intentionally and knowingly escaping from custody on or about July 21, 2003." *Id.* The motion to adjudicate states that the confinement from which appellant escaped "was the result of conditions imposing a period of confinement in a secure correctional facility." *Id.* In other words, petitioner escaped the same day that he was sentenced to the deferred adjudication probation regarding the sexual assault case.

10

On August 12, 2003, petitioner pleaded true to the motion to adjudicate without an agreed recommendation on the sentence, was adjudged guilty and sentenced to eight years in prison, a $500.00 fine and $823.00 in court costs. *Id.* Thus, petitioner would have completed his sentence on August 12, 2011. (RR 3/26).

On December 5, 2013 (less than five years after petitioner completed his sentence on the sexual assault case), a federal child-pornography search warrant was executed on a residence located at 137 Soren Lane, Houston, Texas by a team of federal and state police officers. (RR 3/15). The residence is a small two-bedroom, wood-framed house where the Alvarado family lived for many years. (RR 3/16-18 and 5/State Exh. 1, 2 & 3). One of the officers considered the home to be located in one of the highest crime areas in Houston. (RR 3/27-28). In this regard, petitioner's brother, Alfred, testified that when he was small the home was "shot up" by strangers in a drive-by shooting incident. (RR 3/87). And, petitioner's mother testified that two and a half years earlier a car drove by and threw rocks thru the window of the bedroom where the pistol in question was located. (RR 4/19). This is the same window where the police found a surveillance camera pointed at the street. (RR 3/87 and 5/State Exh. 12).

The purpose of the search warrant was not directly told to the jury (although it was strongly insinuated), but in a pretrial hearing it was shown that the purpose was to look for child pornography believed to be in the

home. (RR 3/6). When the warrant was being served the officers did not know who in particular might be in possession of the child pornography suspected of being in the home, but Officer Krugh testified that "[a]s it turned out, the target of my investigation was Alfred Alvarado", petitioner's brother. (RR 3/20).

When the officers arrived at the home, appellant, his brother, Alfred, his mother and a "young female" were inside. (RR 3/19). Petitioner's other brother, Rudy, was not present but his car was parked in the front yard. (RR 3/28-29). A search of the vehicle revealed a "fairly good amount of drugs." (RR 3/28). Rudy was later arrested and sent to prison for the drugs in his car. *Id.* A series of questions and answers through Officer Ackley's testimony showed Rudy's history of criminal involvement. (RR 3/28-30).

A pistol was found on the upper shelf of the closet inside one of the bedrooms where petitioner was sleeping when the officers arrived. (RR 3/22-23 & 60). Officer Nieto testified that petitioner said the room was his. (RR 3/46, 60, 62). Also, located in the room were a wallet that contained petitioner's (1) Texas identification card issued on August 3, 2012 and expiring on September 21, 2012 with the 137 Soren Lane address, (2) Texas identification card issued on September 18, 2012 and expiring on September 21, 2013 with the 137 Soren Lane address, and (3) Texas offender card with no address listed. (RR 3/47 and 5/State Exh. 6-10).

12

However, petitioner's brother, Alfred, clarified through his testimony that he had purchased the pistol for self-protection and placed it in the closet, and that the bedroom was his until May 0f 2013. (RR 3/87-91).

The state offered into evidence various photographs that misleadingly suggest the physical state of the bedroom and the exact location and visibility of the pistol at the moment the officers entered the home. (RR 5/State Exh. 5-25). However, it is clear from the officers' testimony that the photographs of the bedroom and pistol were taken *after* the officers had searched the bedroom and closet and therefore do not accurately show how the items were originally discovered. (RR 3/45, 65, 68 and 5/State Exh. 5-25). Moreover, petitioner's mother testified that the photographs do not show how the bedroom and closet were kept before the officers entered. (RR 4/16-17). In this regard, Officer Nieto explained that State's Exhibit 17 is a picture of where in the bedroom closet in which the pistol was located, except that the photograph was taken *after* the officers had searched the room and moved the items. (RR 3/51).

Two officers testified as to the location and accessibility of the pistol inside the bedroom (RR 3/26-27; 32-34; 51; 60; 73-74).

Throughout the trial a series of irrelevant and prejudicial evidence, which was introduced into evidence without objection from defense counsel, permeated the trial establishing petitioner to be a bad person in general even though the veracity of this information was not subjected to

13

scrutiny. Specifically, the state introduced without objection police and prison records indicating that the teenaged female, with whom petitioner had been convicted of having sexual contact with his hand, had been forcefully raped and sodomized by petitioner after he entered her bedroom window at night, that he ejaculated in her mouth without her consent, that he verbally and physically abused her, including telling her that he had AIDS and other nefarious diseases that she may have contracted, and that he had threatened to hurt her and her father. (RR 5/State Exh. 4). This hearsay evidence was not objected to by defense counsel and is not what appellant was actually found guilty of in the underlying felony conviction— in fact, appellant was not even charged with forcible rape. The indictment in the underlying case was introduced into evidence which alleges two counts, the count for which he was found guilty (placing his finger inside the vagina), *and* the count that was dismissed (placing his penis inside the vagina). (RR 5/State Exh. 4). Evidence that petitioner had committed the offense of escape was admitted. (RR 5/State Exh. 4 & 27).

Also, introduced into evidence—again, without objection—were various notations by prison officials noting that petitioner had misbehaved while in prison by "mast[urbating] in public and refus[ing] to stop when ordered to do so", and, that he is a registered sex offender. (RR 5/State Exh. 4). Additional prison-record notations were admitted showing that petitioner had been arrested seven times, had been arrested for running

14

from court after being sentenced to jail time, had been convicted of escape, had been convicted of evading arrest, that he had served 30 days in jail as a minor in possession of cigarettes, and that he has used marijuana, Codeine, Ecstasy, Cocaine, Xanax, embalming fluid, and is an excessive drinker. (RR 5/State Exh. 9).

The jury found petitioner guilty, and the trial court assessed his sentence at five years in prison and $335.00 in court costs. Petitioner appealed arguing there was legally insufficient evidence that he had possessed the weapon and that he was denied effective assistance of counsel by his trial lawyer's failure to object to the extraneous bad acts evidence. The court of appeals concluded there was sufficient evidence of possession and that the record is not sufficient to review the ineffective assistance complaint on direct appeal because "[it] is possible that trial counsel strategically choose not to object to the complained-of portions to avoid drawing the jury's attention to the information." Op. at 16. On rehearing petitioner pointed out that, the relevant procedural rules state:

Rule 103(b)  **Not Needing to Renew an Objection.** When the court hears a party's objection outside the presence of the jury and rules that evidence is admissible, a party need not renew an objection to preserve a claim of error for appeal. TEX. R. EVID. 103(b).

Rule 103(d)  **Preventing the Jury from Hearing Inadmissible Evidence.** To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means. TEX. R. EVID. 103(d).

Rule 104(a)     **In General.**  The court must decide any preliminary question about whether ... evidence is admissible.  TEX. R. EVID. 104(a).

Rule 104(c)     **Conducting a Hearing So That the Jury Cannot Hear It.**  The court must conduct any hearing on a preliminary question so that the jury cannot hear it if: ... (3) justice so requires.  TEX. R. EVID. 104(c)(3).

In other words, there was no need for trial counsel to wait for the prosecutor to offer the evidence in front of the jury to object.  He could have and should have filed a motion objecting to the evidence and obtained a ruling *outside of the hearing of the jury*.  Under Rule of Evidence 103, such a ruling preserves error and if the trial judge had overruled the objection, then trial counsel could still have sat back without saying anything in front of the jury.  In short, there is no conceivable trial strategy that trial counsel could possibly come up with if the issue of ineffective assistance of counsel were raised in a motion for new trial or on habeas.  Because of that the court of appeals should have addressed the merits of whether trial counsel was ineffective in failing to object to inadmissible extraneous offense evidence.  The court of appeal's resolution of this issue based on conclusion that trial counsel may have had a trial strategy is not supported by the record because no reasonably competent lawyer would formulate a trial strategy of not objecting to the extraneous offense evidence present in this case when he or she could have preserved the error outside the hearing of the jury thereby eliminating the need to object in front of the jury.

16

A basic tenet of criminal law is that evidence of a defendant's bad character is not admissible to show that he acted in conformity therewith.[1] Even if bad-acts evidence is relevant to a non-character conformity issue, it is still inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice to the defendant.[2]

In the trial of petitioner's case, a litany of information showing that he was a bad person generally came into evidence, without objection, for no purpose other than to prove character conformity. Failure to object to this evidence was such an obvious professional blunder that there can be no reasonable trial strategy to justify the omission, and therefore, the ineffective assistance claim can be raised on direct appeal instead of by

---

[1]   TEX. R. EVID. 404(b); *Johnston v. State*, 145 S.W.3d 215, 219 (Tex. Crim. App. 2004) (bad character evidence is inherently prejudicial, tends to confuse the issues, and forces defendant to defend himself against charges he has not been notified would be brought against him); *Robbins v. State*, 88 S.W.3d 256, 259 (Tex. Crim. App. 2002) ("Relevant evidence of a person's bad character is generally not admissible for the purpose of showing that he acted in conformity therewith."); *Webb*, 36 S.W.3d at 181 ("[P]roof of the sexual assault against Porter served no probative function other than to show appellant as a person who commits sexual assaults in general, and therefore, was more likely to have committed the sexual assault against Baird, an inference rule 404(b) strictly forbids."); *Rankin v. State*, 974 S.W.2d 707, 718 (Tex. Crim. App. 1996); *Abnor v. State*, 871 S.W.2d 726, 738 (Tex. Crim. App. 1994); *Montgomery v. State*, 810 S.W.2d 372, 390 (Tex. Crim. App. 1991) (trial court has no discretion to admit over proper objection extraneous offense evidence that is relevant only to character conformity).

[2]   TEX. R. EVID. 403; *Johnston v. State*, 145 S.W.3d at 220; *Robbins*, 88 S.W.3d at 262-263; *Mitchell v. State*, 931 S.W.2d 950, 952 (Tex. Crim. App. 1996).

habeas review.[3] Moreover, the cases are legion which hold that a lawyer is ineffective in failing to object to inadmissible character conformity, bad-acts evidence, like the evidence in this case, and therefore, review by direct appeal is the efficient and procedurally correct avenue for review.[4]

[3] *Mata v. State*, 226 S.W.3d 425, 428-29 (Tex. Crim. App. 2007) (ineffective assistance claim proper on direct appeal when defense counsel's conduct is of a type that no reasonably competent lawyer would have engaged in for any reason); *Goodspeed v. State*, 187 S.W.3d 390, 396 (Tex. Crim. App. 2005) (Holcomb, J., dissenting) (same); *Andrews*, 159 S.W.3d at 100 (same); *Ex parte Menchaca*, 854 S.W.2d 128, 131-33 (Tex. Crim. App. 1993) (same); *Vasquez v. State*, 830 S.W.2d 948, 951 (Tex. Crim. App. 1992) (same); *see also Miles v. State*, 644 S.W.2d at 23, 25-26 (Tex. App.—El Paso 1982, no pet.) (abatement of direct appeal regarding claim of ineffective assistance for trial court to conduct hearing to further develop record regarding counsel's alleged deficiencies where strong indications counsel was deficient).

[4] *See, e.g., Roberts v. State*, 187 S.W.3d 475, 486 (Tex. Crim. App. 2006) ("We decide that appellant's trial lawyer performed deficiently under the first prong of *Strickland* for eliciting testimony from appellant at the guilt phase of his trial that appellant was already incarcerated on two convictions that were pending on appeal."); *Ex parte Menchaca*, 854 S.W.2d at 131-33 (counsel ineffective for allowing prior drug conviction to be heard by jury during guilt-innocence phase of rape trial); *Cude v. State*, 588 S.W.2d 895, 897-98 (Tex. Crim. App. 1979) (counsel ineffective by failing to object to extraneous offenses of defendant and his relatives during guilt-innocence phase of aggravated robbery trial); *Stone v. State*, 17 S.W.3d 348, 353 (Tex. App.—Corpus Christi 2000, pet. ref'd) ("We hold that under the facts of this case, counsel's decision to elicit testimony regarding the prior murder conviction cannot be considered part of a reasonable trial strategy. We believe that where, as here, the record affirmatively demonstrates that counsel took some action in defending his client that no reasonably competent attorney could have believed constituted sound trial strategy, the defendant has shown he received ineffective assistance of counsel."); *Perrero v. State*, 990 S.W.2d 896, 899 (Tex. App.—El Paso 1999, pet. ref'd) (counsel ineffective by not preparing defendant well enough to testy so he would not open door to admission of his prior record in assault and resisting arrest case); *Anaya v. State*, 988 S.W.2d 823, 826 (Tex. App.—Amarillo 1999, no pet.) (counsel ineffective

18

The *Strickland v. Washington* standard of review is applied to ineffective assistance claims.  466 U.S. 668, 688 (1984); *Hernandez v.*

by asking defendant, "Have you been in trouble for anything else?" and thus opened door regarding extraneous offenses); *Brown v. State*, 974 S.W.2d 289, 293 (Tex. App.—San Antonio 1998, pet. ref'd) (counsel ineffective by allowing drug use and promiscuity to be heard by jury during guilt-innocence of murder trial); *Thomas v. State*, 923 S.W.2d 611, 613-14 (Tex. App.—Houston [1st Dist.] 1995, no pet.) ("Counsel for appellant had a duty to object to harmful, inadmissible evidence, and when she neglected that duty, appellant suffered.  Although appellant applied for and proved his eligibility for probation, the trial judge assessed his punishment at 16 years of confinement.  Counsel's failure to object to inadmissible evidence offenses allowed the trial court to consider allegations that appellant had threatened police officers, had stalked police officers and the prosecutor, and had solicited the murder of police officers.  Clearly, the overwhelming prejudicial effect of these allegations outweighed any potential benefit of cross-examination."); *Glivens v. State*, 918 S.W.2d 30, 33-34 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd) (counsel ineffective at punishment phase where trial court assessed punishment after jury determined guilt even though evidence was offered during guilt phase of trial, because no indication trial court did not consider evidence in sentencing); *Ramirez v. State*, 873 S.W.2d 757, 763 (Tex. App.—El Paso 1994, pet. ref'd) (counsel ineffective by allowing prior murder conviction during a jury trial into evidence during guilt-innocence phase of murder trial); *Montez v. State*, 824 S.W.2d 308, 310 (Tex. App.—San Antonio 1992, no pet.) ("Although the State did not try to inject extraneous offenses, Mr. Montez's own lawyer actually and affirmatively elicited, on cross-examination of the State's witnesses, numerous highly prejudicial extraneous acts which otherwise would have been inadmissible."); *Boyington v. State*, 738 S.W.2d 704, 708 (Tex. App.—Houston [1st Dist.] 1985, no pet.) ("Although the [extraneous bad acts] evidence complained of was properly admitted during another phase of the trial, it was admitted only because counsel for appellant without any plausible reason, presented character witnesses, thus allowing the inadmissible deeds to become admissible."); *Miles*, 644 S.W.2d at 25 (counsel opened door for admission of defendant's arrest record); *Spriggs v. Collins*, 993 F.2d 85, 89-90 (5th Cir. 1993) (counsel ineffective for not objecting to unadjudicated extraneous offenses in PSI report); *Lyons v. McCotter*, 770 F.2d 529, 531 (5th Cir. 1985) (counsel ineffective for allowing prior convictions of burglary and drugs to be heard by jury in guilt-innocence phase of aggravated robbery trial).

*State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (adopting the *Strickland* test for Texas criminal cases).  The standard of review is a two-prong test, stated as follows:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  *Strickland*, 466 U.S. at 688.

Failure to establish one prong of the test negates a court's need to consider the other.  *Id.* at 697.  Trial counsel is presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.  *Id.* at 689 & 690.  The burden is on the defendant to overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy.  *Id.* at 689.  Because of this, the record must affirmatively demonstrate the claim of ineffectiveness.  *Thompson v. State*, 9 S.W.3d 808, 812-13 (Tex. Crim. App. 1999).  Counsel's errors are judged by the totality of the representation. *Strickland*, 466 U.S. at 695-96.

When counsel is deficient in allowing inadmissible evidence into evidence the following factors are relevant to determine if the defendant was prejudiced by the deficiency: (1) the weight, nature, and focus of the

20

evidence presented to the jury; (2) the nature of the prosecutor's closing argument; and (3) the relative role the disputed conviction played in the outcome of the trial. *Ex parte Menchaca*, 854 S.W.2d 128, 133 (Tex. Crim. App. 1993) (citing *Crockett v. McCotter*, 796 F.2d 787, 793-94 (5th Cir. 1986)). Moreover, when the basis of an ineffective assistance claim is that counsel failed to object to inadmissible evidence, the defendant must show that the trial court would have committed error in overruling the objection. *Vaughn v. State*, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996); *Gosch v. State*, 829 S.W.2d 775, 784 (Tex. Crim. App. 1991).

The state offered into evidence the prison records of petitioner containing the laundry list of bad-acts that appellant had, according to the records, engaged in over time. The records had no relevance to any issues to be decided by the jury other than to show that because petitioner was a bad person in the past he must, logically, have been a bad person on this occasion and therefore been a felon in possession of the pistol. Although this is a classic example of evidence that should not be admitted into evidence, petitioner's trial counsel did not object.

What aggravated the circumstances even more is that the improperly admitted evidence makes it appear that petitioner was a violent rapist when that is by no means the case. Petitioner pleaded guilty to a sexual offense that, on its face, was not a violent sexual assault. According to the guilty plea and the surrounding undisputed evidence, petitioner was

21

eighteen and the victim was a teenager between fourteen and seventeen. There is a wide range of factual possibilities that are not contained in the appellate record as to what exactly happened and as to what exactly were the circumstances, yet those factual contours were never litigated. Yet trial counsel allowed this damning evidence into evidence without objection even though it indicates that what in fact happened was the worst—violent rape. Pile on top of that the evidence of the multiple arrests, escape, masturbating in front of prison officials and use of all told forms of illegal narcotics imaginable—all of which is totally and clearly inadmissible with no objection forthcoming—and the prejudicial effect is obvious.

There is no amount of intellectualizing that could result in any legitimate trial strategy to justify not objecting to this evidence. Therefore, this ineffective assistance of counsel claim was properly raised on direct appeal, and the court of appeals should have addressed the merits of the argument.

# PRAYER

Petitioner prays that this petition be granted, that briefing on the merits be ordered, and that this case be reversed and remanded to the court of appeals to address the merits of his ineffective assistance of counsel argument.

22

Respectfully submitted,

/s/Timothy A. Hootman_____
Timothy A. Hootman
SBN 09965450
2402 Pease St
Houston, TX 77003
713.247.9548
713.583.9523 (f)
E-mail: thootman2000@yahoo.com

ATTORNEY FOR PETITIONER

# CERTIFICATE OF WORD COUNT

I hereby certify that, in accordance with Rule 9.4 of the Texas Rules of Appellate Procedure, that the number of words contained in this document are 3,769 according to the computer program used to prepare this document.

Dated: September 30, 2015.

/s/Timothy A. Hootman_____
Timothy A. Hootman

# CERTIFICATE OF SERVICE

I hereby certify that, in accordance with Rule 9.5 of the Texas Rules of Appellate Procedure, I have served the forgoing document upon the following attorneys by electronic service:

Neil Krugh
Sarah Bruchmiller
Harris County District Attorney's Office
1201 Franklin
Houston, TX 77002

John R. Messinger
P.O. Box 13046
Austin, TX 78711

Dated: September 30, 2015.

/s/Timothy A. Hootman_____
TIMOTHY A. HOOTMAN

**Opinion issued July 16, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00857-CR

———————————

**JESSE DIMAS ALVARADO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Case No. 1410607**

---

## MEMORANDUM OPINION

Appellant, Jesse Dimas Alvarado, was found guilty by a jury of the offense

of unlawful possession of a firearm by a felon.[1]  The trial court assessed

Appellant's punishment at five years in prison.  In two issues on appeal, Appellant

---

[1]  *See* TEX. PENAL CODE ANN. § 46.04(a)(1) (Vernon 2011).

asserts that the evidence was insufficient to support the judgment of conviction and that he received ineffective assistance of counsel at trial.

We affirm.

## Background

Appellant was convicted of the offense of sexual assault of a child on August 12, 2003. He was sentenced to eight years in prison. Appellant was released from prison on July 1, 2011.

On December 5, 2013, several law enforcement agencies, working together, executed a search warrant on Appellant's family home as part of a child pornography investigation.[2] The target of the investigation was Appellant's brother, Alfred. Appellant, Alfred, and their mother were at home when the warrant was executed. Appellant was asleep in a bedroom.

During the search of the home, Houston Police Officer D. Nieto found a firearm, a 9 millimeter pistol, on the shelf of the closet in the bedroom where Appellant had been sleeping. The gun was in a nylon holster with the butt of the gun facing outward. Men's clothing was hanging in the closet. When the officer asked whose bedroom it was, Appellant responded that it was his room. Appellant's wallet containing his driver's license and his Texas Department of Criminal Justice offender card was found in the bedroom. Drug paraphernalia—

---

[2] The jury in this case was not informed of the purpose of the search warrant.

2

including various scales and different size plastic baggies of the type used to package narcotics—was also recovered from the bedroom.

The police searched a car belonging to Appellant's other brother, Rudy. Inside the car, they found a large quantity of illegal drugs. Rudy was not at the scene, but he was later arrested and convicted for illegal drug possession.

Appellant was arrested and later charged with the offense of unlawful possession of a firearm by a felon. At trial, Officer Nieto testified that he was the police officer who found the pistol on a shelf of the bedroom closet. He testified that the pistol was not hidden or obstructed by anything on the shelf. He stated anyone who entered the closet and looked up would have seen the butt of the pistol.

R. Ackley, an investigator with the Harris County Sherriff's Office, also participated in the search of the home. Investigator Ackley testified that he saw the pistol on the shelf of the bedroom closet. He stated that the shelf was at eye level, about five feet high. He testified that the pistol was clearly visible on the shelf. He stated that the pistol was in a holster, with the handle of the gun facing out and the barrel of the gun pointing into the closet. He testified that the pistol was stuffed between two shopping bags but the handle was sticking out far enough that he could tell that it was a gun.

Photographs of the closet and of the shelf with the pistol were also admitted into evidence. In the photographs, the pistol was laying on the shelf with nothing around it. On cross-examination, Officer Nieto acknowledged that pistol had been taken off the shelf and cleared of ammunition, replaced on the shelf and then photographed. He did not agree that, when he initially found the pistol, it had been stuffed between two shopping bags as Investigator Ackley had testified.

Appellant's brother, Alfred, and Appellant's mother testified for the defense. Alfred stated that he had purchased the pistol about six months before the search for home protection. Alfred explained that the bedroom where the pistol was found had previously been his bedroom. Appellant moved into the bedroom where the pistol was found approximately six months before the search, and Alfred had moved to another bedroom.

Appellant's mother, Juanita, testified that the items on the shelf where the pistol was found belonged to her; however, the clothes hanging in the closet belonged to Appellant. Juanita stated that she did not know that the pistol was in the closet.

In closing argument, the defense asserted that the State's photographs, showing the pistol laying in plain view on the shelf did not accurately reflect where the pistol had been in the closet when it was found by Officer Nieto. The defense pointed to the testimony of Investigator Ackley indicating that the pistol had been

4

stuffed between two shopping bags. The defense relied on Alfred's testimony indicating that he had purchased the pistol and placed it in the closet.

In its closing argument, the State pointed out that both Officer Nieto and Investigator Ackley testified that the pistol was in plain view in the closet. The State also pointed out that, under the law, the jury did not need to find that Appellant owned the pistol in order to find that he possessed it.

The jury found Appellant guilty of the offense of unlawful possession of a firearm by a felon. Appellant elected to have the trial court assess punishment. At the punishment hearing, the State reoffered the evidence from the guilt-innocence phase, which was admitted for punishment purposes. The defense requested that Appellant receive the minimum prison sentence of two years, and the State requested that the trial court assess a six-year sentence. At the conclusion of the hearing, the court sentenced Appellant to five years in prison. Appellant did not file a motion for new trial.

Appellant now appeals, raising two issues.

**Sufficiency of the Evidence**

In his first issue, Appellant asserts that the evidence was insufficient to support his conviction for the offense of unlawful possession of a firearm by a felon. Specifically, Appellant claims that "the evidence does not affirmatively link the pistol in question to appellant."

5

## A.    Standard of Review

We review the sufficiency of the evidence establishing the elements of a criminal offense for which the State has the burden of proof under the single sufficiency standard set out in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).  *See Matlock v. State*, 392 S.W.3d 662, 673 (Tex. Crim. App. 2013); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).  Pursuant to the *Jackson* standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational fact finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt.  *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *In re Winship*, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).  We can hold evidence to be insufficient under the *Jackson* standard in two circumstances: (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense, or (2) the evidence conclusively establishes a reasonable doubt.  *See Jackson*, 443 U.S. at 314, 318 & n.11, 320, 99 S. Ct. at 2786, 2789 & n.11; *see also Laster*, 275 S.W.3d at 518; *Williams*, 235 S.W.3d at 750.

The sufficiency-of-the-evidence standard gives full play to the responsibility of the fact finder to resolve conflicts in the testimony, to weigh the evidence, and

6

to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). An appellate court presumes that the fact finder resolved any conflicts in the evidence in favor of the verdict and defers to that resolution, provided that the resolution is rational. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793.

In our review of the record, direct and circumstantial evidence are treated equally; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Clayton*, 235 S.W.3d at 778. Finally, "[e]ach fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

**B.    Elements of the Offense and Pertinent Legal Principles**

To establish the offense of unlawful possession of a firearm by a felon, the State must show that the defendant was previously convicted of a felony offense and possessed a firearm after the conviction and before the fifth anniversary of the person's release from confinement. TEX. PENAL CODE ANN. § 46.04(a)(1) (Vernon 2011). Appellant does not dispute that he had a prior felony conviction or that it has been less than five years since his release from prison; rather, he challenges only the sufficiency of the evidence to prove that he possessed a firearm.

7

The Penal Code defines possession as "actual care, custody, control, or management." *Id.* § 1.07(a)(39) (Vernon Supp. 2014). A person commits a possession offense only if he voluntarily possesses the prohibited item. *Id.* § 6.01(a) (Vernon 2011). Possession is voluntary if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control. *Id.* § 6.01(b).

We analyze cases involving possession of a firearm by a felon under the sufficiency-of-the-evidence rules adopted for cases involving possession of a controlled substance. *See Corpus v. State*, 30 S.W.3d 35, 37 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). In such cases, the State is required to prove that a defendant knew of the firearm's existence and that he exercised actual care, custody, control, or management over it. *See id.* at 38; *see also* TEX. PENAL CODE ANN. § 1.07(a)(39). If the firearm is not found on the defendant's person or is not seen in the defendant's exclusive care, custody, control, or management, the State must offer additional, independent facts and circumstances that link the defendant to the firearm. *See Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005).

Possession need not be exclusive. *Wiley v. State*, 388 S.W.3d 807, 813 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (citing *McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985)). When the accused is not in exclusive

8

possession of the place where the firearm is found, then additional, independent facts and circumstances must affirmatively link the defendant to the firearm in such a way that it can reasonably be concluded that the defendant had knowledge of the contraband and exercised control over it. *See Kibble v. State*, 340 S.W.3d 14, 18 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd); *Roberts v. State*, 321 S.W.3d 545, 549 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). The evidence, whether direct or circumstantial, must establish, to the requisite level of confidence, that the accused's connection with the firearm was more than just fortuitous. *See Poindexter*, 153 S.W.3d at 405–06 (quoting *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995)).

A nonexclusive list of factors that may establish a link between a defendant and a firearm found inside a house, which was not in the defendant's exclusive control, includes whether (1) the defendant was present at the time of the search; (2) the defendant was the owner of or had the right to control the location where the firearm was found; (3) the firearm was in plain view; (4) the defendant was in close proximity to and had access to the firearm; (5) firearms or other contraband was found on the defendant; (6) the defendant attempted to flee; (7) conduct by the defendant indicated a consciousness of guilt, including extreme nervousness or furtive gestures; (8) the defendant had a special connection or relationship to the firearm; (9) the place where the firearm was found was enclosed; and (10)

9

affirmative statements connected the defendant to the firearm, including incriminating statements made by the defendant when arrested. *Jones v. State*, 338 S.W.3d 725, 742 (Tex. App.—Houston [1st Dist.] 2011), *aff'd*, 364 S.W.3d 854 (Tex. Crim. App. 2012).

When deciding whether the evidence is sufficient to link a defendant to a firearm, the fact finder is the exclusive judge of the credibility of the witnesses and of the weight to be given to their testimony. *See Poindexter*, 153 S.W.3d at 406. The jury is allowed to infer the defendant's knowledge from his acts, conduct, remarks, and from the surrounding circumstances. *See Krause v. State*, 243 S.W.3d 95, 111 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd).

No formula of facts exists to dictate a finding of links sufficient to support an inference of knowing possession. *See Taylor v. State*, 106 S.W.3d 827, 831 (Tex. App.—Dallas 2003, no pet.). The link between the defendant and the firearm need not be so strong that it excludes every other outstanding reasonable hypothesis except the defendant's guilt. *See Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). In sum, it is the logical force of the evidence, and not the number of links, that supports a fact finder's verdict. *Evans v. State*, 202 S.W.3d 158, 166 (Tex. Crim. App. 2006).

## C.  Analysis

To support his challenge that insufficient evidence was presented to link him to the recovered handgun, Appellant points to evidence that it was his brother, Alfred, who had purchased the pistol for home protection, and it was Alfred who had placed the pistol in the closet when it had been Alfred's bedroom.  Appellant also points out that a number of people lived in the house.  However, the State was not required to show that Appellant owned the pistol or that he exercised sole control over it.  *See Smith v. State*, 176 S.W.3d 907, 916 (Tex. App.—Dallas 2005, pet. ref'd) (holding State is not required to prove defendant had exclusive possession of firearm).

Appellant also asserts that the pistol was not in plain view.  He claims that he would only have seen it if he opened the closet door and looked at the pistol. He points out that Investigator Ackley testified that the pistol was stuffed between two bags on the shelf.  Appellant further avers that the State presented no evidence regarding a number of the link factors.  He asserts he made no incriminating statements or furtive gestures; he also did not attempt to flee.

Generally, Appellant correctly cites the record.  However, the absence of various affirmative links does not constitute evidence of innocence to be weighed against the affirmative links that are present.  *James v. State*, 264 S.W.3d 215, 219 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd).  Appellant's analysis does not

11

appropriately view the evidence in the light most favorable to the verdict and improperly discounts evidence linking him to the pistol recovered from the closet. A factor that is of little or no value in one case may be the turning point in another. *See Nhem v. State*, 129 S.W.3d 696, 699 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

The State offered evidence linking Appellant to the firearm. Appellant was asleep in the bedroom where the closet was located when the search began. Appellant told the police that it was his bedroom. His wallet, driver's license, and offender's registration card were found in the bedroom. Alfred testified that it had been Appellant's bedroom for six months. Alfred also testified that he had purchased the pistol about six months before the search.

The evidence further showed that it was Appellant's clothes hanging in the closet. Officer Nieto and Investigator Ackley testified that the pistol was in plain view on the shelf. Although he stated that the pistol was stuffed between two bags, Investigator Ackley testified that the pistol was visible, and it was identifiable as a gun. Investigator Ackley also testified that the shelf was eye level, being about five feet from the floor.

The circumstantial evidence outlined above, when viewed in combination, constitutes sufficient evidence connecting Appellant to the firearm, not merely fortuitous proximity. *See Poindexter*, 153 S.W.3d at 405–06. Although Appellant

12

cites link factors on which the State presented no evidence, as well as evidence that weighs in his favor, "[i]t is the logical force of the circumstantial evidence, not the number of links, that supports a jury's verdict." *See Evans*, 202 S.W.3d at 166.

Viewing the evidence in a light most favorable to the verdict, we conclude that a rational fact finder could have found beyond a reasonable doubt that Appellant possessed the firearm; that is, that he knew of the pistol's existence and exercised care, custody, control, or management over it.[3] *See Jackson*, 443 U.S. at

---

[3] As part of his sufficiency challenge, Appellant asserts that, even if the evidence was sufficient to link him to the firearm, he should nonetheless be acquitted because, under the narrow circumstances of this case, he had a state and a federal constitutional right to bear arms. *See* U.S. CONST. amend. II ("A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."); TEX. CONST. art. I, § 23 ("Every citizen shall have the right to keep and bear arms in the lawful defence of himself or the State; but the Legislature shall have power, by law, to regulate the wearing of arms, with a view to prevent crime."). Appellant points out that the evidence showed that his home was in a high crime area, and it had been the target of criminal activity in the past. Appellant claims that, under these circumstances, he had a constitutional right to possess a firearm to defend his home, despite his status as a felon. Appellant asserts that to hold the evidence sufficient to support his conviction would violate his state and federal rights to bear arms. Although woven into his sufficiency-of-the evidence challenge, Appellant's complaint is an as-applied constitutional challenge to Penal Code section 46.04. *See Adams v. State*, 222 S.W.3d 37, 53 (Tex. App.—Austin 2005, pet. ref'd) ("Under an 'as applied' challenge, the challenging party contends that the statute, although generally constitutional, operates unconstitutionally as to him or her because of the challenging party's particular circumstances . . . ."). Appellant did not raise his constitutionality challenges in the trial court. Thus, it has not been preserved for review in this Court. *See Flores v. State*, 245 S.W.3d 432, 437 n. 14 (Tex. Crim. App. 2008) (noting the "well-established requirement that appellant must preserve an 'as applied' constitutional challenge by raising it at trial"); *see also Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (holding that facial challenge to constitutionality of statute is forfeitable right that is waived if defendant fails to raise it in trial court).

319, 99 S. Ct. at 2789; *Jones*, 338 S.W.3d at 743. We hold that the evidence is sufficient to support the judgment of conviction for the offense of unlawful possession of a firearm by a felon.

We overrule Appellant's first issue.

## Ineffective Assistance of Counsel

In his second issue, Appellant asserts that he received ineffective assistance of counsel at trial.

## A. Applicable Legal Principles

To prevail on a claim of ineffective assistance of counsel, an appellant must show the following: (1) counsel's performance fell below an objective standard of reasonableness and (2) a reasonable probability exists that, but for counsel's errors, the result would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S. Ct. 2052, 2064, 2068 (1984); *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005). The first *Strickland* prong requires an appellant to overcome the strong presumption that counsel's performance falls within a wide range of reasonable professional assistance. *See Andrews*, 159 S.W.3d at 101. The second *Strickland* prong requires an appellant to show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *See id.* at 102. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *See id.*

14

An appellant has the burden to establish both prongs by a preponderance of the evidence. *See Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). A failure to show either (1) deficient performance or (2) sufficient prejudice defeats the ineffectiveness claim. *See Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009); *Carballo v. State*, 303 S.W.3d 742, 750 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd).

## B.    Analysis

Appellant asserts that defense counsel's performance at trial was deficient because counsel did not object to police and prison records contained in State's Exhibit 4, business records from the Texas Department of Criminal Justice, and in State's Exhibits 27 and 27A, Appellant's pen packets. The State offered these documents into evidence to prove Appellant's prior felony conviction for sexual assault and to show Appellant's release date from prison, both relevant to proving elements of the instant offense of unlawful possession of a firearm by a felon. Appellant complains that counsel should have objected to the portions of these exhibits revealing the following: (1) disturbing allegations related to the sexual-assault count for which Appellant was convicted; (2) details of a second count of sexual-assault that was abandoned by the State; (3) misconduct by Appellant while he was in prison; (4) the fact that Appellant is a registered sex offender; (5)

notations indicating that Appellant had been arrested seven times for other offenses and had used illegal drugs.

Normally, counsel is afforded an opportunity to explain his actions before being condemned as unprofessional or incompetent, such as with a hearing on a motion for new trial or with the filing of an affidavit. *See Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002); *Anderson v. State*, 193 S.W.3d 34, 39 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). Here, Appellant did not file a motion for new trial, and the record is otherwise devoid of any explanation regarding counsel's reasons or strategy for not objecting to the complained-of exhibits. Appellant asserts that there could be "no imaginable trial strategy" to justify the lack of objection. We disagree.

The allegedly objectionable information was not contained in testimony heard by the jury; rather, it was contained in documentary evidence, part of which was admissible to prove elements of the instant offense. It is possible that trial counsel strategically choose not to object to the complained-of portions to avoid drawing the jury's attention to the information. *See Bollinger v. State*, 224 S.W.3d 768, 781 (Tex. App.—Eastland 2007, pet. ref'd) (observing that counsel may choose not to object to evidence because "an objection might draw unwanted attention to a particular issue"); *Cooper v. State*, 788 S.W.2d 612, 618 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd) (overruling ineffective-assistance issue

when objection to allegedly inadmissible testimony would have likely focused jury's attention on fact that was unfavorable to defendant).

In any event, the record is silent regarding trial counsel's strategy and his reasons for not objecting to this evidence. Appellant has failed to overcome the presumption that trial counsel's actions were sound trial strategy. *See Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999); *see also Warren v. State*, 377 S.W.3d 9, 20 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (stating appellate court, in absence of evidence of evidence of counsel's reasons, will assume strategic motivation for counsel's failure to object). We conclude Appellant has not shown counsel's performance fell below an objective standard of reasonableness. *See State v. Morales*, 253 S.W.3d 686, 696–97 (Tex. Crim. App. 2008); *Bone*, 11 S.W.3d at 834.

Moreover, Appellant has not established the second *Strickland* prong. Appellant does not point to any place in the record where the State referenced or otherwise highlighted the complained-of evidence. The primary issue at the guilt-innocence stage was whether Appellant possessed the pistol. That was the focus of the State's evidence and its argument.

The State did reoffer all of its evidence at the punishment phase of trial; however, it did not specifically mention the complained-of evidence during the

punishment phase. Rather, the State pointed to the evidence showing what had been discovered during the search of Appellant's family home.

In its closing statement, the State acknowledged that Appellant should not receive the maximum ten-year sentence by requesting the trial court to assess a six-year sentence. The defense requested the minimum two-year sentence, pointing out that the instant offense involved no victim or property damage. The trial court assessed Appellant's punishment to be five years in prison.

We conclude that Appellant has not demonstrated a reasonable probability that the result of the proceedings would have been different but for counsel's failure to object. We hold that appellant has failed to show, by a preponderance of the evidence, that he received ineffective assistance of counsel at trial. *See Strickland*, 466 U.S. at 687–88, 694, 104 S. Ct. at 2064, 2068.

We overrule Appellant's second issue.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).

18